Robert Garson (RG-1521)
GARSON, SÉGAL, STEINMETZ, FLADGATE LLP
164 West 25th Street, Suite 11R
New York, New York 10001
Telephone: (212) 380-3623
Facsimile: (347) 537-4540
Email: rg@gs2law.com

Attorneys for Plaintiff Mark Ward

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK WARD                                  :          Civil Case No. 1:19-cv-1935 (JPO)
                Plaintiff,       :
                                    :
      -against-                        :
                                    :
RAGEON, INC., JOHN DOES 1-9,        :
                Defendants.    :
------------------------------------------------------------x

## PLAINTIFF MARK WARD'S
## PRETRIAL MEMORANDUM OF LAW

GARSON, SÉGAL, STEINMETZ, FLADGATE LLP
Robert Garson
164 West 25th   Street, Suite 11R New York, New York 10001 Tel: (212) 380-3623
Fax: (347) 537-4540
rg@gs2law.com

Attorneys for Plaintiff

**Table of Contents**

**Introduction** .................................................................................................................1

I.    **Key Legal Areas For Trial**..............................................................................2

    A.    **Standard for Copyright Infringement** ......................................................2

i.    **Owner of a valid copyright** ............................................................................2

ii.    **Defendant's Copying of Constituent Elements of the Work That Is Original** ..........................4

a.    **Access and Copying** ........................................................................................4

b.    **Unlawful Appropriation and Copying** ..............................................................4

    B.    **Defendant is unable to meet its burden of establishing its compliance with the DMCA** .........5

i.    **Defendant's Lack of a Proper Designated Agent** ................................................5

ii.    **Defendant Received a Financial Benefit from Infringing Activity on its Website**....................5

iii.    **Defendant Failed to Expeditiously Remove or Disable Access to Infringing Copies of The Artwork** …………………………………………………………………………………………….5

iv.    **Defense Standard Under the DMCA** ................................................................6

    C.    **Damages** ........................................................................................................8

    D.    **Plaintiff is Entitled to Reasonable Attorneys' Fees and His Expenses** ...................10

# Table of Authorities

Cases

Agence Fr. Presse v. Morel, 934 F. Supp. 2d 547, 570 (S.D.N.Y. 2013). ............................................ 10
Bryant v. Media Rights Prods., 603 F.3d 135, 143 (2d Cir. 2010) .................................................. 9, 11
Capital Records, LLC v. Vimeo, LLC, 826 F.3d 78, 83 (2d Cir. 2016)...................................................... 8
Erickson Prods. v. Only Websites, Inc., 2015 U.S. Dist. LEXIS 177371 at *7-8 (S.D.N.Y. 2015)...... 9, 10
Feist Publ'ns, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L.Ed. 2d 358 (1991) ........................................................................................................................................ 2
Getty Petroleum Corp. v. Barco Petroleum Corp., 858 F.2de 103, 114 (2d Cir. 1988)...................... 11
Hamil Am., Inc., 193 F.3d at 98 ............................................................................................................ 3
HarperCollins Publrs. LLC v. Open Rd. Integrated Media, LLP, 58 F. Supp. 3d 380, 389 (S.D.N.Y. 2014) ................................................................................................................................................. 10
Horizon Comics, 2019 U.S. Dist. LEXIS 117437 ..................................................................................... 4
Klauber Bros v. WW, LLC 2019 U.S. Dist. LEXIS 110736 at *6 (S.D.N.Y. 2019) .................................... 5
Lipton v. Nature Co., 71 F.3d 464, 471 (2d Cir. 1995) .......................................................................... 4
Michael Grecco Photography, Inc. v. Everett Collection, Inc., 589 F. Supp. 2d 375, 382 (S.D.N.Y. 2008) .................................................................................................................................................. 3
Palmer/Kane LLC v. Gareth Stevens Publ'g, 2017 U.S. Dist. LEXIS 145103 at *27 (S.D.N.Y. 2017)...... 4
Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 126 (2d Cir. 2014) ................................................ 9
Shady Records, Inc. v. Source Enters, 2004 U.S. Dist. LEXIS 26143 at *28 (S.D.N.Y. 2004) ................. 4
Sheldon Abend, 2010 U.S. Dist. LEXIS 99080 ................................................................................... 2, 5
Tiffany & Co. v. Costco Wholesale Corp., 2019 U.S. Dist. LEXIS 2844 *27 (S.D.N.Y. 2019). .............. 11
U2 Home Entm't, Inc. v. Doe, 2005 U.S. Dist. LEXIS 27142 at *9-10 (E.D.N.Y. 2005) .......................... 9
Ventura Content, Ltd. v. Motherless, Inc., 885 F.3d 597, 612 (9th Cir. 2018).................................... 8
Viacom Int'l, Inc. v. YouTube, Inc., 676 F.3d 19, 27 (2d Cir. 2012) .................................................. 7, 8
Wolk v. Kodak Imaging Network, Inc., 840 F. Supp. 2d 724, 734, (746-48)(S.D.N.Y. 2012) ................ 8
Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001)...................................................... 5

Statutes

§ 512(c)(1)(A) ........................................................................................................................................ 8
17 U.S.C. §201(a).................................................................................................................................. 2
17 U.S.C. §512(c)(2)..................................................................................................................... 5, 6, 7
Section 512 of the Digital Millennium Copyright Act of 1998............................................................. 7

Plaintiff, Mark Ward submits this Pretrial Memorandum of Law in advance of trial currently scheduled for a 1-day bench trial for January 13, 2020.

**Introduction**

This case is incredibly simple and is based on Defendant's unauthorized copying of Plaintiff's original works, namely, Plaintiff's artwork known as "Smoke Rings" ("Artwork").

In short:

(a) Plaintiff can demonstrate he owns a valid copyright in the Artwork;

(b) that DMCA takedown notices were sent on January 25, 2019 and January 30, 2019 to

   legal@rageon.com

(c) Defendant admits the Artwork appeared on articles of clothing on its website;

d) Defendant did so without Plaintiff's authorization;

(e) Sale of clothing bearing the Artwork on the RageOn website was made ; and

(f) there is no evidence to controvert Plaintiff's timeline that the webpages offering infringing articles for sale were taken down on dates other than between May 16- May 20, 2019

During the discovery process, there has been no challenge to the validity of the copyright, never any evidence to suggest that the copyright is not entitled to the full protection provided by law. No evidence has been provided to show the state or nature of the Defendant's email servers that would undermine a suggestion that an email sent in accordance with the instructions on its website would not have been received. No evidence has been provided to challenge the obvious contention that the images on RageOn's website were infringing neither has there been discovery to support any contention that the images were pulled down at any time other than what is shown on the face of Plaintiff's exhibits. Despite being given multiple opportunities to

remedy defects in discovery such as provide signed interrogatory responses, Defendant never has, and has never been open with its discovery obligations. Seemingly, Defendant's defense simply is that it should be afforded DMCA Safe Harbor and that despite infringement, it cannot find evidence of large amounts of sales of apparel bearing the image. Plaintiff takes the position that RageOn in a bad actor, facilitates multiple acts of infringement, has neither the willingness nor the capability to address infringement when clearly alerted, hides behind a veil of purported third parties, and should be held liable as a result.

**I.     Key Legal Areas For Trial**

    **A.  Standard for Copyright Infringement**

Mr. Ward's ultimate burden in this case is to prove that: (1) he is the owner of a valid copyright; and (2) that Defendant copied constituent elements of the work that is original. *Sheldon Abend,* 2010 U.S. Dist. LEXIS 99080 at *5 (quoting *Feist Publ'ns, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L.Ed. 2d 358 (1991)). The second element "may be proven with either direct or indirect evidence: to provide copying via direct evidence, a plaintiff must show (1) defendant's access to the allegedly infringed work; (2) actual copying; and (3) unlawful appropriation of copyrightable materials." Id.

        **i.  Owner of a valid copyright**

Under 17 U.S.C. §201(a), "[c]opyright in a work protected under this title vests initially in the author or authors of the work." Importantly, "[a] certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright, although that presumption of ownership may be rebutted. The party challenging the validity of the copyright has the burden of proving the contrary." *Hamil Am., Inc.,* 193 F.3d at 98 (internal citations omitted).

Where a certificate of registration is obtained more than five years after first publication, the Court may use its discretion to consider the certificates as prima facie evidence of valid copyrights. *Michael Grecco Photography, Inc. v. Everett Collection, Inc.,* 589 F. Supp. 2d 375, 382 (S.D.N.Y. 2008)(considering that movant failed to offer "any evidence tending to show that the certificates of registration provided by [Plaintiff] were invalid or that [Plaintiff] does not in fact own the copyrights in the Images covered by those registration. And there is considerable evidence (including the various license agreements, which are discussed below) demonstrating that plaintiff does indeed own the copyright in these photographs."). The Second Circuit may find plaintiff's showing of ownership even where no certificate was ever entered into evidence. *Hamil Am., Inc.,* 193 F. 3d at 98[1].

The presumed validity of a copyright registration is only rebuttable by evidence of fraud, for which the asserting party must establish, "that the application for copyright registration is factually inaccurate, that the inaccuracies were willful or deliberate, and that the Copyright Office relied on those misrepresentations." *Shady Records, Inc. v. Source Enters,* 2004 U.S. Dist. LEXIS 26143 at *28 (S.D.N.Y. 2004); *Palmer/Kane LLC v. Gareth Stevens Publ'g*, 2017 U.S. Dist. LEXIS 145103 at *27 (S.D.N.Y. 2017)(stating, if known, "the inaccuracy. . . would have caused the Register of Copyrights to refuse registration.")

---

[1] The *Hamil Am., Inc.* court disagreed with defendant's argument that the "district court's finding of liability must be reversed because . . . no valid certificate was ever entered into evidence" because "[t]he parties stipulated below that [plaintiff] registered [the work] with the United States Register of Copyrights . . . and that [plaintiff] received a certificate of registration from the United States Register of Copyrights" and "constitutes prima facie evidence of the valid ownership of a copyright."

3

ii. **Defendant's Copying of Constituent Elements of the Work That Is Original**

a. **Access and Copying**

Access may be demonstrated by a showing that "plaintiff's work was 'widely disseminated.'" <u>Horizon Comics</u>, 2019 U.S. Dist. LEXIS 117437 at *9. However, "'[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access.'" Id. at *16 (quoting <u>Lipton v. Nature Co.,</u> 71 F.3d 464, 471 (2d Cir. 1995)). Striking similarity is found where Plaintiff has shown that the works at issue are "'so identical as to preclude any reasonable possibility of independent creation.'" Id. at *16.

b. **Unlawful Appropriation and Copying**

In order "to prove unlawful appropriation . . . a plaintiff must show that there is a substantial similarity between protectible elements in the two disputed works." <u>Sheldon Abend,</u> 2010 U.S. Dist. LEXIS 99080 at *7. The Second Circuit determines substantial similarity using the ordinary observer test: "'whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same.'" Id. (quoting <u>Yurman Design, Inc. v. PAJ, Inc.</u>, 262 F.3d 101, 111 (2d Cir. 2001)). Substantial similarity may be decided as a matter of law "where the court has before it 'all that is necessary to make a comparison of the works in question.'" <u>Klauber Bros v. WW, LLC</u> 2019 U.S. Dist. LEXIS 110736 at *6 (S.D.N.Y. 2019). The Court's consideration requires "only a visual comparison of the works.'" Id.

**B. Defendant is unable to meet its burden of establishing its compliance with the DMCA**

  **i.  Defendant's Lack of a Proper Designated Agent**

At the outset, Defendant did not maintain a proper DMCA agent pursuant to 17 U.S.C. §512(c)(2) at all relevant times of Defendant's infringement of the Artwork. On January 25, 2019, Defendant's website listed its designated agent to receive notifications of claimed infringement as Chelsea Mae Heidlebaugh with an email address of legal@rageon.com See Plaintiff Exhibit R. However, Defendant relies upon a <u>personal</u> designated agent listed with the DMCA Designated Agent Directory of the Copyright Office of Chelsea Mae Heidlebaugh with an email address at Chelsea@rageon.com. See Plaintiff Exhibit G. The last corporate designee on the DMCA Designated Agent Directory of the Copyright Office was Cindy Le on March 9, 2016. The above inconsistency shows that Defendant did not provide accurate information to the Copyright Office in accordance with 17 U.S.C. §512(c)(2). Without a proper designated agent Defendant is not entitled to DMCA protection.

  **ii.  Defendant Received a Financial Benefit from Infringing Activity on its Website**

It is unknown if the Defendant disputes that it receives a financial benefit in connection with its infringing activity. If so, it is not entitled to protection under the DMCA Safe Harbor.

  **iii.  Defendant Failed to Remove or Disable Access to Infringing Copies of The Artwork Expeditiously**

Ultimately, Defendant cannot invoke protection under the DMCA as it failed to expeditiously remove or disable access to infringing copies of the Artwork. Incontrovertible evidence shows that Defendant did not achieve an expeditious takedown for the following reasons Defendant did not remove the infringing content for at least 73 days and as many as 111 days. Plaintiff

Exhibits B, C, Q and U.

Defendant sold goods with infringing content after it being informed that infringing content was on its website defeating a key purpose of an "expeditious" takedown. On February 4, 2019 Plaintiff's counsel was able to conduct a test-buy from Defendant Plaintiff Exhibit S. As such, it is established that Defendant did not remove or disable the links to infringements of the Artrwork Photograph.

Critically, Defendant does not know when its links with infringements of the Artwork were removed and, therefore, as discovery is closed, has no evidence that would dispute the above facts.

### iv. Defense Standard Under the DMCA

To invoke protection from liability for copyright infringement under Section 512 of the Digital Millennium Copyright Act of 1998 ("DMCA"), a party must meet the following criteria:

> a. the party must be a service provider; (ii) the party must have a reasonable implementation of a 'repeat infringer' policy; and (iii) "[t]he § 512(c) safe harbor will apply only if the service provider:
>
> (A)(i) does not have actual knowledge that the material or an activity using the material on the system or network is infringing;
>
> b. in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or
>
> c. upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;
>
> (B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and
>
> (C) upon notification of claimed infringement as described in paragraph (3), responses expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity. _Viacom Int'l, Inc. v. YouTube, Inc_., 676 F.3d 19, 27 (2d Cir. 2012).

A service provider is required to designate an agent to receive notifications of claimed infringement and receipt of such a "takedown notice" will obligate the service provider to

expeditiously remove the infringing material in order to benefit from the safe harbor. Id. at 46. To receive the limitation of liability under the DMCA, a service provider must designate an agent "by making available through its service, including on its website in a location accessible to the public, and by providing to the Copyright Office, substantially the following information: (A) the name, address, phone number, and electronic mail address of the agent. (B) other contact information which the Register of Copyrights may deem appropriate." 17 U.S.C.S. §512(c)(2).

To be clear, "[s]ervice providers . . . forfeit entitlement to the safe harbor if they fail to expeditiously remove the infringing material upon receipt of notification of the infringement or upon otherwise becoming aware of it." *Capital Records, LLC v. Vimeo, LLC,* 826 F.3d 78, 83 (2d Cir. 2016). Ultimately, "[a]ny service provider that has item-specific knowledge of infringing activity and thereby obtains financial benefit would already be excluded from the safe harbor under § 512(c)(1)(A)." *Viacom*, 676 F.3d at 43.

The defendant has the burden to establish the affirmative defense, and is entitled to the safe harbor defense:

> by demonstrating its status as a service provider that stores users material on its system, that the allegedly infringing matter was placed on its system by a user, and that it has performed precautionary, protective tasks required by §512 as conditions of eligibility, including that it adopted and reasonably implemented a policy designed to exclude users who repeatedly infringe, that it designated an agent for receipt of notices of infringement, and that it accommodates standard technical measures used by copyright owners to detect infringements. *Capital Records, LLC*, 826 F.3d at 95.

The copyright owner then has the burden to "demonstrate that the service provider acquired knowledge of the infringement . . . and failed to promptly take down the infringing matter, thus forfeiting its right to the safe harbor." Id. The Court may determine the question of "expeditiousness" as early as summary judgment. See, e.g. *Ventura Content, Ltd. v. Motherless, Inc.,* 885 F.3d 597, 612 (9th Cir. 2018)(concluding that deletion of 33 infringing clips within a day

7

or receiving notification satisfied expeditious removal); *Wolk v. Kodak Imaging Network, Inc.,* 840 F. Supp. 2d 724, 734, (746-48)(S.D.N.Y. 2012)(5 days to remove 700 photographs is expeditious).

**C. Damages**

The Copyright Act allows a copyright owner to elect between two types of damages: actual damages or statutory damages. *Erickson Prods. v. Only Websites, Inc.,* 2015 U.S. Dist. LEXIS 177371 at *7-8 (S.D.N.Y. 2015). Importantly, "'[s]tatutory damages for copyright infringement are available without proof of plaintiff's actual damages or proof of any damages.'" Id. Courts have broad discretion in awarding statutory damages. *U2 Home Entm't, Inc. v. Doe,* 2005 U.S. Dist. LEXIS 27142 at *9-10 (E.D.N.Y. 2005).

First, "[a] single infringer work is liable for a single amount between $750 and $30,000." *Erickson*, 2015 U.S. Dist. LEXIS 177371 at *7-8. Where the Court finds that the infringement was committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.00." 17 U.S.C. § 504(c)(2); *Psihoyos v. John Wiley & Sons, Inc.,* 748 F.3d 120, 126 (2d Cir. 2014). The copyright holder has the burden of proving willfulness, and, critically, "[t]he burden of proving innocence is on the alleged infringer." *Bryant v. Media Rights Prods.,* 603 F.3d 135, 143 (2d Cir. 2010). To prove willful infringement, the copyright holder must show that the infringer "'had knowledge that its conduct represented infringement or . . . recklessly disregarded the possibility.'" Id. This Court has found willful infringement where a defendant, after receiving the plaintiff's demand to desist, continued to make sales. See, *HarperCollins Publrs. LLC v. Open Rd. Integrated Media, LLP*, 58 F. Supp. 3d 380, 389 (S.D.N.Y. 2014). To determine the amount of statutory damages, the Court should consider:

(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the

8

infringing material; and (6) the conduct and attitude of the parties. <u>Psihoyos</u>, 748 F.3d at 127.

In order to consider "the infringer's state of mind," courts will look to factors including, "'whether the infringer was on notice that the copyrighted work was protected; whether the infringer had received warnings of the infringements; [and] whether the infringer had experience with previous copyright ownership, prior lawsuits regarding similar practices, or work in an industry where copyright is prevalent." <u>Agence Fr. Presse v. Morel</u>, 934 F. Supp. 2d 547, 570 (S.D.N.Y. 2013). On a finding of willful copyright infringement, "'courts in this Circuit typically award damages between three and five times the cost of the licensing fees the defendant would have paid.'" <u>Erikson</u>, 2015 U.S. Dist. LEXIS 177371 at *6-7.

Further, "Section 505 of the Copyright Act provides that a district court may 'in its discretion . . . award a reasonable attorneys fee to the prevailing party." Bryant, 143. To determine whether to award attorneys' fees, district courts may consider: (1) the frivolousness of the non- prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." <u>Bryant</u>, 603 F.3d at 143.

The Court has "'considerable discretion' in determining what constitutes a reasonable fee award' . . . based on a 'reasonable hourly rate,' or 'the rate a paying client would be willing to pay.'" <u>Tiffany & Co. v. Costco Wholesale Corp.,</u> 2019 U.S. Dist. LEXIS 2844 *27 (S.D.N.Y. 2019).

A "reasonable rate" is further informed by "the prevailing rates 'in the community for similar services by lawyers of reasonably comparable skill[,] expertise and reputation.'" Id. Moreover, "[t]he Second Circuit has upheld the award of fees based on an attorney's full rate notwithstanding a discounted rate actually charged to a prevailing party, reasoning that a defendant who acted willfully . . . should not benefit from a discount negotiated between a plaintiff and its counsel." Id. (citing, <u>Getty Petroleum Corp. v. Barco Petroleum Corp.,</u> 858 F.2de

9

103, 114 (2d Cir. 1988).

### D. Plaintiff is Entitled to Reasonable Attorneys' Fees and His Expenses

Plaintiff seeks an award of reasonable attorneys' fees in consideration of Defendant's infringement of the Photograph, compounded by Defendant's conduct, unnecessary delay, and obstruction of evidence throughout the instant action. Defendant's main defense, under the DMCA, is frivolous given that Defendant does not fall under the DMCA safe harbor for multiple reasons as discussed above. In fact, the frivolous nature of Defendant's defense is shown by clear evidence of the infringing items still appearing on the website months after suit was filed.

Ultimately, an award of attorneys' fees in this matter would serve a deterrent interest. Defendant intentionally disrupted discovery in this matter at every turn, including, without limitation, breaching multiple orders of the Court, seeking to confound discovery – to conceal its liability. This matter has been unnecessarily dragged out at significant cost to Plaintiff.

Plaintiff also seeks, pursuant to Section 505 of the Copyright Act, expenses incurred in relation to this matter.


Dated: New York, New York
        December 17, 2019

                                        Respectfully Submitted,

                                        Garson, Ségal, Steinmetz, Fladgate LLP
                                        Attorneys for Plaintiff

                                        By:  /s/                    
                                        Robert Garson (RG1521)
                                        164 West 25th Street, Suite 11R
                                        New York, NY 10001
                                        Telephone: (212) 380-3623
                                        Facsimile: (347) 537-4540
                                        Email: rg@gs2law.com