UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------
MARK WARD

                        Plaintiff,                    **Case No.:** Case No.:1:19-
                                                      CV-1935 (JPO)

v.


RageOn, Inc.

                        Defendant.

--------------------------------------------------------------------------------




**DEFENDANT RAGEON, INC.'S AMENDED TRIAL BRIEF**




**INTELLECTULAW**
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

25 Little Harbor Road
Mount Sinai, NY 11766
Tel: 631-476-8734
Fax: 631-476-8737

Email: pbtufariello@intellectulaw.com
Attorneys for Defendant
RageOn, Inc.

In accordance with the Court's December 13, 2019, Order (D.E.# 32), Defendant RageOn, Inc. (RageOn) by and through its undersigned attorneys, Intellectulaw, The Law Offices of P.B. Tufariello, P.C. hereby submits the following statement of facts and law, in further support of its denials and affirmative defenses set forth in its Answer (D.E.#11).

1.   Plaintiff Mark Kenneth Ward owns the copyright in artwork titled "Smoke Rings" under Copyright Registration No. VA 2-074-997.  (D.E.#6-1; D.E. # 37).

2.   Plaintiff has not submitted a certified copy of  Copyright Certificate of  Registration No. VA 2-074-997 directed to artwork titled Smoke Rings.

3.   Plaintiff has not submitted a certified copy of the work deposited at, evaluated by, and on the basis of which the Copyright office issued Copyright Registration No. VA 2-074-997.

4.   Copyright Certificate of  Registration No. VA 2-074-997 states that the year of completion of the work is 2010.

5.   Copyright Certificate of  Registration No. VA 2-074-997 states that the date of first publication of the work is June 4, 2010.

6.   Copyright Certificate of  Registration No. VA 2-074-997 states that the work was first published in the United States.

7.   Copyright Certificate of  Registration No. VA 2-074-997 states that the effective date of the Registration is July 26, 2016.

8.   Plaintiff's work was published on June 4, 2010. Plaintiff did not register his copyright until July 26, 2016, more than six years later. Due to the significant lapse of time between publication and registration, Plaintiff has not established, and is not entitled to a presumption of the validity of his copyright for the image he claims was infringed, by

presenting his registration certificate. *See Ellis v. Wyclef Jean & Sony Music Holdings Inc.,* 2011 U.S. Dist. Lexis 146700; 2011 WL 6368555 (due to the significant lapse of time between publication and registration, the court accords lesser evidentiary weight to plaintiff's registration certificate); *Abro Indus. V. 1New Trade, Inc.,* 2017 U.S. Dist. LEXIS 179792, 2017 WL 4954698 (N.D. In. 2017) (because the copyrights were registered more than five years after the first publication of the works, ABRO is not entitled to a presumption of validity and court was not inclined to exercise its discretion to grant such a presumption in light of ABRO's failure to produce any deposit materials that would aid the Court in confirming the scope of the registrations); *Lanard Toys Ltd. v. Novelty, Inc.*, U.S. Dist. LEXIS 96703, 2007 WL 2439505, at *6-7 and *18 (C.D. Cal. Mar. 17, 2006) (refusing to grant presumption where deposit materials were not produced and ruling that defendants' motion to strike ABRO's registration certificates is moot).

9. In *Lanard Toys Ltd. v. Novelty, Inc.*, the Central District of California examined whether the plaintiff had established ownership in the allegedly infringed works. Specifically, the court considered the defendant's argument "that although [the] plaintiffs ha[d] produced copies of various copyright registrations, they had not proffered any certified copies of the deposit materials from the Copyright Office showing exactly what [wa]s covered by each of the copyright registrations" and "that without such evidence, it [wa]s impossible for the [d]efendants (or the [c]ourt) to compare whatever works that may have been registered to the allegedly infringing products." The district court agreed, finding that the certificates of registration, even when combined with the declaration of the plaintiff, were insufficient evidence of ownership. *See also Corbis Corp.v. Amazon.com, Inc.,* 351 F.

Supp. 2d 1090 (W.D. Wa. 2004).

10.    In the absence of a presumption of validity, Plaintiff retains the burden of proving that

the image which is the subject of Plaintiff's Copyright Infringement claims, is in fact the

image registered with the Copyright Office.

11.    Plaintiff's Exhibit A, Copyright Certificate of  Registration No. VA 2-074-997 includes a

third page comprising a facsimile of a work of art, in an attempt to imply that Copyright

Certificate of  Registration No. VA 2-074-997 was issued for such work of art.

12.    The facsimile of the artwork comprises:

    a.    A speckled brown donut dripping red or pink icing and having sprinkles.

    b.    The center aperture of the donut comprises a mouth with two front teeth and a

partial third one, having a cigarette suspended therefrom, the donut icing forming

the lips of the mouth.

    c.    The filter end of the cigarette also has icing on it. It is unclear from the art

whether the cigarette end opposite the filter end is still burning or is spent.

    d.    A copyright symbol, i.e., ©, followed by a space and the name "Mark Ward"

immediately thereafter.

13.    The facsimile of  the artwork has no other identifying elements on it.

    a.    It does not have a title.

    b.    It does not have a name.

    c.    The title "Smoke Rings" does not appear anywhere on the artwork.

    d.    It comprises no bar code that connects it to the Copyright Certificate of

Registration No. VA 2-074-997, which does have a bar code on the second page.

e.    It does not contain any smoke rings.  None.

f.    There is no smoke coming off the end of the cigarette.

14.    As per Collier's Dictionary, "a smoke ring is a visible vortex ring formed by smoke in a clear atmosphere. Smokers may blow smoke rings from the mouth, intentionally or accidentally. ...  A smoke ring is commonly formed when a puff of smoke is suddenly injected into clear air, especially through a narrow opening."

15.    To prevail on their claim for Copyright Infringement, Plaintiff has the burden of showing by a preponderance of the evidence that (1) they are the owner of a valid copyright, and (2) there was unauthorized copying of the copyrighted work. *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

16.    Under 17 U.S.C. §201(a), "[c]opyright in a work protected under this title vests initially in the author or authors of the work." Importantly, "[a] certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright, although that presumption of ownership may be rebutted. The party challenging the validity of the copyright has the burden of proving the contrary." *Hamil Am., Inc.*, 193 F.3d at 98 (internal citations omitted).

17.    RageOn does not contest that Plaintiff owns a valid copyright in a work called "Smoke Rings."

18.     RageOn contests whether the work attached to Plaintiff's copyright certificate is, in fact, Plaintiff's "Smoke Rings" work.

19.    Courts must analytically dissect the work of an author seeking copyright protection to determine the metes and bounds of their property interest in the work. *Apple Computer*

*Inc. v. Microsoft Corp.*, 799 F. Supp. 1006, 1022 (N.D. Cal. 1992).

20.     The work dissected must be the one deposited with the Copyright office. The purpose of

the deposit requirement is to provide "sufficient material to identify the work in which

the registrant claims a copyright rights. It is the deposit copy that defines the scope of the

copyright." *Nicholls v. Tufenkian Import/Export Ventrues, Inc*. 367 F. Supp 2d. 514, 520

(SDNY 2005).

21.     The purpose of deposit copies has been described as providing a way to identify the work

in which the registrant claims a copyright.  *Data Gen. Corp. V. Grumman Sys. Support

Corp.*, 36 F.3d 1147, 1161-1163 (1st Cir. 1994).

22.     The key purpose of a deposited work under 15 U.S.C. § 408(b) is to prevent confusion

about which work the author is attempting to register (*Id.*, p. 1162).

23.     If the key purpose of a deposited work under 15 U.S.C. § 408(b) is to prevent confusion

about which work the author is attempting to register (Id., p. 1162), then a copy of the

work as deposited with the Copyright office under 17 U.S.C.  § 408 should be used by

the Court to prevent confusion about which work the copyright sought to be enforced

relates to.

24.     Absent a copy of the work as deposited with the Copyright Office, the court cannot

decide the scope. If the court cannot decide the scope then the court cannot proceed to the

second question of determining whether the Defendant copied the Plaintiff's work.

25.     The burden is on the plaintiff to provide a certified copy of the certificate of registration

together with the work.  *Mantel v Microsoft Corp.* (16-cv-5277),  2018 WL 1602863 at

*5 (SDNY March 29, 2018); *see also Ferdmab V. CBS Interactive Inc.*, 342 F. Supp. 3d

515 (SDNY 2018) (*citing Mantel* (the defendants do not seek to undermine the validity of the 059 registration – it is not disputed that 25 of Plaintiff photographs are protected by a presumptively valid copyright registration. Rather what is disputed is whether Plaintiff's photograph of Yiru Sun is one of those 25 photographs)).

26.    In *Lorentz v. Sunshine Health Prods*, 2010 U.S. Dist. LEXIS 148752 (S.D. Fla. 2010) "the plaintiff implicitly acknowledged that she was not entitled to a "presumption of validity" because registration of the photographs was not obtained within five (5) years of the first publication of the photographs, as required by 17 USC§ 410(c). She suggested, however, that the Court can accord evidentiary weight to the certificates of registration as evidence that she owns valid copyrights. She stated that Defendants have presented neither evidence nor argument as to why the certificates should not be considered evidence of valid copyrights, or why the copyrights would be invalid, or that she is not the owner of the copyrights." Nonetheless, the Court found that "no presumption of validity should attach to Plaintiff's copyright registrations for the photographs at issue."

27.    Providing evidence on the day of trial is not enough to prevent the exclusion of evidence. In *Florentine Art Studio v. Vedet K. Corp.*, 891 F. Supp. 532, 1995 U.S. Dist. LEXIS 13870, the Court excluded evidence of registration and struck a copyright infringement because a copy of the registration certificate was produced the morning of trial. Providing a copy of a license does not cure the defect in the plaintiff's proof of ownership, because reference in the license to the licensor's registration is hearsay.

28.    When a registration certificate is utterly lacking in detail and the Court cannot determine what audiovisual works are covered by the alleged copyright self serving statements and

hearsay will not be considered by the Court. *Capitol Records, LLC v. Bluebeat, Inc.*, U.S. Dist. Lexis 139165 (C.D. Cal. Nov. 5, 2009).

29.    "A court should be wary of giving the fact of registration much weight, even when the presumption of validity applies, because the Copyright Office's practice of summarily issuing registrations (perhaps even the day of filing the application . . .) counsels against placing too much weight on registrations as proof of a valid copyright." *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010).

30.    On January 8, 2018, RageOn's website listed Ashley Dyer as it designated DMCA agent. When Ashley Dyer registered as RageOn's DMCA Agent, she was awarded Registration Number DMCA-1024163.  Ashley Dyer's status as RageOn's DMCA agent was terminated on May 23, 2018 at 12:58 pm. Chelsea Mae Heidlebaugh is RageOn's presently active DMCA agent. Ms. Heidlebaugh has been RageOn's designated DMCA agent since March 7, 2018. There was an overlap of approximately two and a half months between Ashley Dyer's and Chelsea Heidlebaugh's respective tenures as RageOn's designated DMCA agents. Kyle Wresinski's designation as RageOn's DMCA agent through March 7, 2018, does not nulify Ms. Dyer's designation as agent. There are no inconsistencies. Defendant provided accurate informaton to the Copyright office in accordance with 17 U.S.C. § 512 ( c)(2) (RageOn's Exhibit 7).

31.    In order to remove a service provider's DMCA Safe Harbor Protection, a plaintiff must put forth evidence of a connection between the allegedly infringing activity and the financial benefit that the service provider actually receives. Such evidence must be that defendant "promoted advertising by pointing to the infringing activity; obtained revenue

that depended on the number of visitors to the service provider's sites; attracted primarily visitors who are seekign to engage in infringing activity . . . and encouraged that infringing activity." *Downs v. Oath Inc.*, 18-cv-10337 (JSR) (S.D.N.Y. May. 22, 2019) (*quoting Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020, 1045 (9th Cir. 2013) (A defendant who "does not advertise itself as a place to get pirated materials does not meet the financial benefit prong")).

32.     In *Oath*, the Court held that the defendant was not disqualified from the DMCA's safe harbor because plaintiff had made no showing that (i) the advertising revenue defendant received was "distinctly attributable" to infringing activity; (ii) defendant encouraged infringement, or that it promoted advertising by pointing to infringement, or even that its users primarily engaged in infringing conduct; and (iii) defendant had "something more than the ability to remove or block access to materials posted on a service provider's website, i.e., the defendant  exerted substantial influence on the activities of users." A level of involvement where a defendant simply allows contributors to upload self-published works directly to a website and engages only in cursory screening and modification is insufficient as a matter of law to establish that a service provider has the right and ability to control infringing activity by members of its contributor platform. *Downs v. Oath Inc.*, 18-cv-10337 (JSR), at *19-21 (S.D.N.Y. May. 22, 2019).

33.     In *Obodai v. Demand Media, Inc.*, 2012 WL 2189740, at *7 (S.D.N.Y. June 13, 2012), the court found that an email showing that the defendant sent notice to infringing user 22 days after receiving notice from copyright holder "established that the defendant expeditiously removed the infringing works"). Id. *aff'd sub nom. Obodai v. Cracked*

*Entm't Inc.*, 522 F. App'x 41 (2d Cir. 2013). Likewise, in *Capitol Records, LLC v. Vimeo, LLC*, 972 F.Supp.2d 500, 535-36 (S.D.N.Y. 2013), the court stated that "it cannot be disputed that three and a half weeks is expeditious to remove 170 videos." *Id, vacated in part on other grounds Capitol Records, LLC v. Vimeo, LLC*, 826 F.3d 78, 99 (2d Cir. 2016).

34.     Negligence is not sufficient to create contributory liability. *BMG Rights Mgmt. (US) LLC v. Cox Commc'n., Inc.*, Nos. 16-1972, 17-135 (4th Cir. Feb. 1, 2018).

[intentionally left blank]

Dated: Mt. Sinai, New York        INTELLECTULAW
        January 12, 2020        THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

                         S/PanagiotaBettyTufariello/S
                By:     Panagiota Betty Tufariello, Esq.
                         Attorney for Plaintiff
                         BALORU S.A.
                         25 Little Harbor Rd.
                         Mt. Sinai, NY 11766

                         Tel: (631) 476-8734
                         Fax: (631) 476-8737
                         Pbtufariello@intellectulaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing **DEFENDANT RAGEON, INC.'S TRIAL BRIEF**  has been served to counsel for Plaintiff via Electronic Mail addressed to:

       Robert Garson (RG-1521)
       GARSON, SÉGAL, STEINMETZ, FLADGATE LLP
       164 West 25th Street, Suite 11R
       New York, New York 10001

       Email: rg@gs2law.com

       *Attorneys for Plaintiff*
       *Mark Ward*

       Dated: January 12, 2020     By:     S/PanagiotaBettyTufariello/S
                                   Panagiota Betty Tufariello, Esq.