Robert Garson (RG-1521)
GARSON, SÉGAL, STEINMETZ, FLADGATE LLP
164 West 25th Street, Suite 11R
New York, New York 10001
Telephone: (212) 380-3623
Facsimile: (347) 537-4540
Email: rg@gs2law.com

*Attorneys for Plaintiff Mark Ward*

| | |
|---|---|
| MARK WARD,<br><br>        Plaintiff,<br><br>   - against -<br><br>RAGEON, INC.,<br><br>        Defendant. | Civil Case No. 1:19-cv-1935 (JPO)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** |

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR ATTORNEYS' FEES**

**I.      PROCEDURAL BACKGROUND**

On March 1, 2019, Plaintiff Mark Ward commenced the instant litigation against RageOn Inc. ("RageOn"), asserting copyright infringement against John Doe defendants, as well as contributory and vicarious copyright infringement against RageOn, based on RageOn's operation of a website and online store which invites users to create and sell products ranging from apparel to home décor. Dkt. 6. ¶30-31.  The complaint alleged that RageOn's operation of its website infringed on Mr. Ward's artwork of a smoking rings, under Registration Number VA 2-074-997, registered on July 26, 2016. *Id*. at ¶29.

On May 21, 2019, the Court filed a Civil Case Management Plan and Scheduling Order, providing for initial requests for production and interrogatories to be served by June 9, 2019, depositions to be completed by August 9, 2019, and fact discovery to close on August 31, 2019. Dkt. 15. On May 28, 2019, Plaintiff served initial requests for production and interrogatories. Dkt. 17. After the expiration of the deadline to respond, on July 1, 2019, Plaintiff notified RageOn that such deadline had passed and further requested such production. *Id*. However, nearly two weeks later, on July 13, 2019, Plaintiff received a link to information providing two (2) out of the six (6) categories of informal exchange information, without any compliant or formal responses to the initial requests for production and interrogatories. *Id*. This prompted a July 22, 2019 letter motion asking the Court to direct Defendant to comply with such requests and interrogatories, which was subsequently granted, and extended the time to respond until August 12, 2019. Dkt. 17-18.

On August 12, 2019, Defendant submitted its response to initial requests for production and interrogatories, which were littered with boilerplate and inapplicable objections despite

2

the Court order specifically reserving objections only in relation to privileged material. This prompted several more letter motions between counsel, and a third extension granted in which Defendant was required to serve its responses by September 6, 2019 – over two months later than planned. Dkt. 18-25. This delayed the close of discovery by nearly two months to October 15, 2019, and trial was subsequently scheduled for January 13, 2020 – over two months later than originally planned. Dkt. 28. The court should know that interrogatory responses signed by Defendant have never been served.

In an effort to salvage judicial economy, Plaintiff's counsel forwent seeking depositions in this matter, and withdrew its request for a jury trial. On January 13, 2019, such bench trial commenced and quickly concluded in an order and judgment for Plaintiff against Defendant RageOn in the amount of $60,000.00 in statutory damages under the Copyright Act, 17 U.S.C. §504(c). Dkt. 47-48.

II. **THE COPYRIGHT ACT AUTHORIZES THE COURT TO AWARD ATTORNEYS' FEES TO THE PREVAILING PARTY**

The Copyright Act expressly provides that the Court may award reasonable attorneys' fees to prevailing parties in copyright actions:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party.... Except as otherwise provided by this title, the court may also award a reasonable attorneys' fee to the prevailing party as part of the costs.

17 U.S.C. §505. The decision whether to award attorneys' fees under §505 is placed in the Court's sound discretion. *Fogerty v. Fantasy*, 510 U.S. 517, 533-34 (1994). When assessing a fees motion in a copyright case, court are to consider the following *Fogerty* factors: "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3)

whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence. *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (citing *Fogerty*, 510 U.S. at 534 n. 19). Although nonexclusive, these factors "may be used to guide the courts' discretion" and are to be applied in a manner that is "faithful to the purposes of the Copyright Act." *Fogerty*, 510 U.S. at 534 n. 19.

In *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016), the Supreme Court clarified that while the third factor concerning the unreasonableness of the losing party's litigating position should be afforded "substantial weight," it is imperative that the district court "give due consideration to all other circumstances relevant to granting fees." *Id*. at 1983. In finding that the Second Circuit had placed undue emphasis on the third factor, the Supreme Court underscored that a district court "retains discretion … to make an award even when the losing party advanced a reasonable claim or defense." *Id*. The Supreme Court elaborated as follows:

> [O]bjective reasonableness can be only an important factor in assessing fee applications—not the controlling one. As we recognized in *Fogerty*, §505 confers broad discretion on district courts and, in deciding whether to fee-shift, they must take into account a range of considerations beyond the reasonableness of litigating positions…. Although objective reasonableness carries significant weight, courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals.

*Id*. at 1998-99. As the *Fogerty* Court noted, "[t]he primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524.

4

### III. UNDER THE NONEXCLUSIVE *FOGERTY* FACTORS, PLAINTIFF IS A PREVAILING PARTY ENTITLED TO ATTORNEYS' FEES

Under the Copyright Act, the "prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit." *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989). Plaintiff, having succeeded on its copyright infringement claims at trial and being awarded a judgment of $60,000.00, is clearly a prevailing party.

As set forth more fully below, attorneys' fees are warranted in this case because: (1) the Defendant adopted objectively unreasonable legal and factual positions, which led to wasteful litigation and an unnecessary increase in Plaintiff's costs and expenses; (2) Defendant infringement of Plaintiff's copyrighted work was willful; and (3) a fee award will vindicate the Copyright Act's dual purposes of compensation and deterrence.

#### A. Defendant's Asserted Defenses and Adopted Litigating Positions that were Objectively Unreasonable

"A defense to a copyright infringement claim is "objectively unreasonable when the [defense] is clearly without merit or otherwise patently devoid of a legal or factual basis.'" *Harrell v. Van Der Plas*, 2009 WL 3756327, at *3 (S.D.N.Y. Nov. 9, 2009). Although not controlling, this factor concerning the unreasonableness of the losing party's litigating positions is still afforded "substantial weight" in the Section 505 analysis. *Kirtsaeng*, 118 U.S.P.Q.2d at 1772.

This factor strongly favors a fee award here. Plaintiff's argument is not based on the mere fact that the Defendant did not prevail. Rather, as described above, Defendant chose to defend this case in an objectively unreasonable manner – (a) Defendant's refusal to take down

5

infringing listings from its website, (b) multiple unfounded discovery delays, (c) its non-responsive attitude towards discovery, and importantly (d) arguing at trial that there was no certified deposit when such an argument could have easily been submitted in a much earlier motion to dismiss or for summary judgment – all of which needlessly protracted the litigation and increased Plaintiff's legal fees. Moreover, its position on DMCA adherence was without support in fact or law

The net result of the manner in which Defendant chose to defend the case was to delay its progress for several months. Plaintiff expended substantial fees addressing legal positions that had no reasonable basis and needlessly pursuing intial discovery that was withheld only to delay. These kinds of inconsistent, wasteful, and objectively unreasonable machinations supply a compellying ground for an award of fees. *Close-Up Int'l Inc. v. Berov*, 2007 WL 4053682, at *1 (E.D.N.Y. Nov. 13, 2007) (defendant's pursuit of defense to infringement action that was "entirely without merit" supported fees award); *Hofheinz v. AMC Prods., Inc.*, 2003 U.S. Dist. LEXIS 16940, at *30 (E.D.N.Y. Sept. 1, 2003) (awarding fees to defendant because *inter alia*, "plaintiff's arguments throughout this litigation have been largely frivolous and objectively unreasonable"); *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, 2003 WL 1701904, at *2 (S.D.N.Y. Mar. 31, 2003) (awarding fees and costs to defendants, noting that "[t]hroughout the underlying litigation, Plaintiff made objectively unreasonable factual and legal arguments").

Defendant's *only* issue raised at trial was "whether the work attached to Plaintiff's copyright certificate is, in fact, Plaintiff's "Smoke Rings" work" because there was no certified copy of the work deposited with the registration. Dkt. 46 ¶¶3, 18. This is an issue that was only

first raised in Defendant's trial brief, and could have easily been raised and resolved in discovery and could have been the subject of a motion to dismiss or for summary judgment.

### B. Defendants' Infringement of Plaintiff's Copyright was Willful

"The Second Circuit has held that it is appropriate to award attorneys' fees where the infringement was willful." *Broad Music, Inc. v. Prana Hospitality, Inc.*, 2016 WL 280317, at *11 (S.D.N.Y. Jan 21, 2016) *citing Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999). Under the Copyright Act, an infringement is "willful" if: (1) the defendant was actually aware of the infringing activitiy, or (2) the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. *Island Software & Computer Serv. Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *see also Capitol Records, Inc. v. MP3Tunes, LLC*, 48 F. Supp. 3d 703, 726 (S.D.N.Y. 2014) ("[w]illfulness may be shown by proof of a defendant's reckless disregard of the possibility that his conduct is infringing"); *citing Arista Records LLC v. Usenet.com, Inc.*, 2010 WL 3629688, at *6-7 (S.D.N.Y. Feb 2, 2010). Accordingly, reckless disregard of a plaintiff's copyright interest constitutes evidence of willfulness sufficient to support an award of fees. *See Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 43 (S.D.N.Y. 2015) ("Courts have awarded fees based on willfulness even where the infringement was reckless rather than knowing"); *Manno v. Tenn. Prod. Ctr., Inc.*, 657 F. Supp. 2d 425, 435 (S.D.N.Y. 2009) (awarding fees for defendant's "willful disregard of [plaintiff's] copyright interests"). Likewise, where a defendant ignores repeated warnings of copyright infringement, such "willful blindness" favors an award for attorneys' fees. *See Broad Music, Inc. v. Wexford INR LLC*, 2014 WL 4626454, at *8-12 (S.D.N.Y. Sept. 15, 2014).

Based on the findings of fact and conclusions of law stated from the bench, the Court has already found Defendant's conduct as rising to the level of willful infringement. First, "[a] single infringer work is liable for a single amount between $750 and $30,000." *Erickson*, 2015 U.S. Dist. LEXIS 177371 at *7-8. Where the Court finds that the infringement was committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.00." 17 U.S.C. § 504(c)(2); *Psihoyos v. John Wiley & Sons, Inc.,* 748 F.3d 120, 126 (2d Cir. 2014). The copyright holder has the burden of proving willfulness, and, critically, "[t]he burden of proving innocence is on the alleged infringer." *Bryant v. Media Rights Prods.*, 603 F.3d 135, 143 (2d Cir. 2010). To prove willful infringement, the copyright holder must show that the infringer "'had knowledge that its conduct represented infringement or . . . recklessly disregarded the possibility.'" Id. This Court has found willful infringement where a defendant, after receiving the plaintiff's demand to desist, continued to make sales. See, *HarperCollins Publrs. LLC v. Open Rd. Integrated Media, LLP*, 58 F. Supp. 3d 380, 389 (S.D.N.Y. 2014). To determine the amount of statutory damages, the Court should consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties. *Psihoyos*, 748 F.3d at 127.

In order to consider "the infringer's state of mind," courts will look to factors including, "'whether the infringer was on notice that the copyrighted work was protected; whether the infringer had received warnings of the infringements; [and] whether the infringer had experience with previous copyright ownership, prior lawsuits regarding similar practices, or work in an industry where copyright is prevalent." *Agence Fr. Presse v. Morel*, 934 F. Supp. 2d

547, 570 (S.D.N.Y. 2013). On a finding of willful copyright infringement, "'courts in this Circuit typically award damages between three and five times the cost of the licensing fees the defendant would have paid.'" *Erikson*, 2015 U.S. Dist. LEXIS 177371 at *6-7.

    C.    **Considerations of Compensation and Deterrence Support a Fee Award**

In a case such as this, awarding Plaintiff its attorneys' fees is also essential in vindicating the interests of compensation and deterrence. An award of fees will serve the dual policy purposes of the Copy Act to "deter future infringers who will be put on notice that they may be called upon to compensate plaintiffs for the expenses" incurred in enforcing legitimate rights. *Miroglio*, 629 F. Supp. 2d at 311. Moreover, awarding fees in this case will serve to deter Defendants and other prospective infringers from exploiting new technologies in such a manner as to blithely disregard the valuable exclusive rights granted by the Copyright Act.

**IV.    PLAINTIFF STATES THE AMOUNT OF FEES SOUGHT**

Pursuant to Fed. R. Civ. P. 54(d)(2)(B)(iii), Plaintiff states that it seeks attorneys' fees in connection with the District Court action in the amount of $34,310.00 and $2,837.20 in costs and disbursements to date.

## **CONCLUSION**

For the foregoing reasons, in the interest of justice, the Court should exercise its discretion in Plaintiff's favor and award Plaintiff's attorneys' fees in the amount of $34,310.00 and $2,837.20 in costs and disbursements to date as the prevailing party in this action.

Dated: January 27, 2020
New York, NY

Respectfully submitted,

_____

Robert Garson
Garson, Ségal, Steinmetz, Fladgate LLP
164 West 25th Street, 11R
New York, NY 10001-7423
Telephone: (212) 380-3623
Fax: (347) 537-4540
Email: rg@gs2law.com
ATTORNEYS FOR PLAINTIFF