UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK WARD  Case No.: 1:19-cv-01935 (JPO)(DCF)

Plaintiff,
v.

RageOn, Inc.

Defendant.

---

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL AND
FOR A 30-DAY SUSPENSION OF PROCEEDINGS INCLUDING DEFENDANT'S TIME
TO OPPOSE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (D.E. # 49-51)
PENDING DEFENDANT'S RETAINING OF NEW COUNSEL**

To: Attorney for Plaintiff

Robert Garson
Garson, Segal, Steinmetz Fladgate LLP
164 W. 25th St., Suite 1R
New York, NY 10001
Tel: (212) 380-3623
Fax: (212) 537-4540

Email: rg@gs2law.com

Pursuant to Southern District of New York Local Rule 1.4, INTELLECTULAW, The Law Offices of P.B. Tufariello P.C. and Panagiota Betty Tufariello (collectively "INTELLECTULAW") respectfully submit this memorandum of law in support of their motion to withdraw as counsel of record for Defendant RageOn, Inc. ("RageOn") in the above-captioned matter and for all proceedings in the case, including Plaintiff's Motion for Attorneys' Fees (D.E. # 49-51) to be briefly adjourned for 30 days, pending the resolution of this motion and in the event that this application is granted.

## PRELIMINARY STATEMENT AND BACKGROUND FACTS

As set forth more fully in the declaration of Panagiota Betty Tufariello. ("Tufariello Decl."), Intellectulaw seeks leave to withdraw as counsel of record for Defendant because: (1) Defendant failed to live up to its contractual obligations by failing to timely pay its legal fees and expenses; and (2) Defendant and Intellectulaw have divergent and irreconcilable views regarding the litigation strategy to employ in this matter and Defendant's action has seriously impaired Intellectulaw's ability to represent RageOn.

In the past, Intellectulaw advised Defendant on numerous occasions of its desire to terminate its representation and withdraw as their counsel. Defendant agreed to consent to Intellectulaw's withdrawal as counsel but only if Intellectulaw would find substitute counsel who was willing to represent RageOn on a Pro-Bono basis. Intellectulaw has been unable to find such counsel. At this time, and for the reasons set forth in the Tufariello Declaration, Intellectulaw has no choice but to proceed to seek leave to withdraw.

During the course of Intellectulaw's representation in this litigation, as well as in *Deborah Feingold D/B/A Deborah Feingold Photography v. RageOn, Inc. et. al. (Civil Action No. 18-CV-02055-LTS-GWG)*, Intellectulaw has performed a substantial amount of work in connection with the pleading and discovery phases of each of the actions respectively, has

moved to dismiss some of the *Feingold* claims by bringing a motion for summary judgement, and has prepared and defended against motions for Summary Judgment.

Despite the substantial amount of work undertaken on their behalf, Defendant have failed to live up to its contractual obligations to pay Intellectulaw's legal fees and expenses on a timely basis. Notwithstanding Defendant's agreement to pay invoices for Intellectulaw's legal fees and repeated requests by Intellectulaw for payment, Defendant has left substantial sums unpaid and outstanding for legal services rendered in the above-captioned action as well as extensive costs incurred on Defendant's behalf.

As Defendant continued to fail to pay its legal fees, Intellectulaw went to substantial efforts and lengths to negotiate with the Defendant for payment of the outstanding amounts, including communications, by telephone and through email. In an attempt to resolve the outstanding legal fees with Defendant and in light of RageOn financial condition, Intellectulaw agreed to be paid on discounted rate. However, Defendant failed to honor this arrangement and failed to make any further payments of the significant fees and costs outstanding.

As a result of Defendant's refusal to pay Intellectulaw its legal fees and other significant costs incurred in connection with the above-captioned matter, Intellectulaw is unable to adequately represent the interests of Defendant. Further, recent communications with the Defendant has made it clear that there has been a significant erosion of the attorney-client relationship. Panagiota Betty Tufariello and Defendant has divergent and irreconcilable views on the appropriate strategy to employ in this litigation. Finally, the recent filing in *Robert G. Lopez v. Puma North American, Inc., RageOn et. Al. (Civil Action No. 19-cv-7631)* naming Intellectulaw as RageOn's co-defendants, as a result of Intellectulaw's representation of Defendant in that matter, and the Plaintiff *Lopez* dismissal of his claims against Defendant, while continuing to maintain his claims against Intellectulaw has created a serious conflict of interest. Accordingly, Defendant's actions have seriously impaired Intellectulaw's ability to represent RageOn.

Intellectulaw has advised Defendant of her intention to terminate her representation and withdraw as its counsel. Intellectulaw's withdrawal will not prejudice the litigation, nor substantially impede the progress of this action.

**ARGUMENT**

I. **The Rules of Professional Conduct and Local Rule 1.4 Relieve An Attorney Of Record By Order Of Court**

Pursuant to Local Rule 1.4 of the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." The New York State Rules of Professional Conduct, Rule 1.16 permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Prof. Conduct Rule 1.16.

II. **Defendant's Failure to Pay Its Legal Fees and Expenses Alone Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel**

The Second Circuit has acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)). Similarly, this Court consistently has found the failure to pay legal fees to be a legitimate ground for granting a motion to withdraw as counsel. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ.

2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons include failure to pay legal fees.") (internal citations omitted); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H & M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); *WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550, at *1-2 (S.D.N.Y. Sept. 29, 1992) (granting motions to withdraw on ground of client's failure to pay fees even if this would cause a delay in the litigation).

Accordingly, courts regularly grant counsel's motion for leave to withdraw where, as here, a client fails to pay fees for legal services rendered or is unable or unwilling to pay for services to be rendered in the future. Thus, in light of Defendant's continual failure to honor its contractual obligations to pay Intellectulaw's invoices for legal fees and expenses Intellectulaw's motion to be relieved as counsel of record for the Defendant should be granted.

### III.     Irreconcilable Differences With Client Further Warrants Withdrawal of Counsel

Under Rule1.16(c)(4) of The New York State Rules of Professional Conduct, a lawyer may withdraw from representation where "the client insists upon taking action with which the lawyer has a fundamental disagreement." Furthermore, under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." "'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.,* No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y.

June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.").

Withdrawal has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (quoting *Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); citing *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see also Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14-16 (W.D.N.Y. Sept. 18, 2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8). Withdrawal was also allowed where disagreement over witnesses arose. *Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999) (granted motion for withdrawal where client did not pay fees and the attorney and client disagreed over pressing claims already dismissed and which witnesses to call).

As a result of Defendant's continued failure and refusal to pay its legal fees and expenses, an irreconcilable conflict and tension have developed between Defendant and its counsel. Recent communications with the Defendant has made it clear that there has been a significant erosion of the attorney-client relationship. Moreover, Panagiota Betty Tufariello can no longer adequately represent the interests of Defendant. Defendant and its counsel have

extremely diverging and irreconcilable views with respect to the appropriate strategy to employ in this litigation and the resources which must be devoted in defense of this lawsuit. As a result of Defendant's failure to pay legal expenses incurred on its behalf, Intellectulaw's ability to zealously defend Defendant has been seriously compromised because INTELLECTULAW cannot pay its vendors and service providers. Accordingly, Defendant's actions has seriously impaired Intellectulaw's ability to represent Defendant.

### IV. Withdrawal of Counsel Will Not Prejudice Defendants

Defendant will not be prejudiced by Intellectulaw's withdrawal as counsel. Intellectulaw has requested a brief continuance of all dates, or a 30-day suspension so that "any new counsel retained by [Defendant] would not be forced to 'hit the ground running' but would instead have ample time to familiarize with the entire record in the case and thus prepare to proceed to an appeal, and file an opposition to Plaintiff's Motion for fees. *See Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 U.S. Dist. LEXIS 17008 at *9 (S.D.N.Y. 2005) (citing *Furlow v. New York*, 1993 U.S. Dist. LEXIS 3510 at *4-5 (S.D.N.Y. 1993)) (holding that client would not be prejudiced by counsel's withdrawal while client's summary judgment motion was *sub judice*).

In light of the irreconcilable tension and conflict between Defendant and its counsel, Intellectulaw respectfully submits that she should be allowed to withdraw as counsel.

### CONCLUSION

For the foregoing reasons, Panagiota Betty Tufariello and Intellectulaw respectfully request that the Court grant their motion to withdraw as counsel of record for Defendant, and briefly suspend the case for 30 days pending Defendant's retaining of new counsel.

Dated: February 10, 2020
     Mount Sinai, New York     Respectfully submitted,

                           INTELLECTULAW
                           THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

                By:     S/PanagiotaBettyTufariello/S
                           Panagiota Betty Tufariello (PBT 3429)
                           25 Little Harbor Road
                           Mount Sinai, NY 11766
                           631-476-8734
                           631-476-8737(FAX)
                           pbtufariello@intellectulaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** has been filed via ECF, a notice of which will be sent by operation of the Court's electronic filing system to all parties, and has also been served to counsel for Plaintiff via Electronic Mail, addressed to:

       Robert Garson (RG-1521)
       Garson, Segal, Steinmetz Fladgate LLP
       164 W. 25th St., Suite 1R
       New York, NY 10001
       Tel: (212) 380-3623
       Fax: (212) 537-4540

       Email: rg@gs2law.com

on: February 10, 2020

                                       S/PanagiotaBettyTufariello/S
                                       Panagiota Betty Tufariello, Esq.